THE STATE, THE WATER COMMISSIONERS OF JERSEY CITY, prosecutors, *vs.* THE MAYOR AND COMMON COUNCIL OF THE CITY OF HUDSON.

1. Commissioners appointed under the charter of the city of Hudson to make assessments for regulating and improving streets, &c., should ascertain the whole amount of lands benefited, and should report to the common council the amount that each lot assessed is benefited by the improvement.

2. A report only showing the whole cost, and the items making up that amount, and then assessing it on the several lots, in proportion to their front on the street, is not sufficient.

---

This *certiorari* was brought to set aside an assessment, made on lands of the prosecutors, for the purpose of regulating and improving Bergen-wood avenue.

The cause was argued at February Term, 1858, before Justices ELMER and VREDENBURGH.

*Zabriskie,* for plaintiffs in *certiorari.*

*Nevius,* for defendants.

The opinion of the court was delivered by

VREDENBURGH, J. This is a *certiorari* brought to review the proceedings, by the defendants, in regulating Bergenwood avenue, in which the sum of $648.12 is assessed against the prosecutors.

The charter requires the commissioners of assessment to examine the whole matter, and report in writing to the common council what real estate ought to be assessed for such improvement, and what proportion of such expenses should be assessed to each separate parcel, and shall accompany such report with a map containing each lot assessed, and the name of the owners, and that such expenses shall be assessed upon and paid by the lands and real estate benefited by the same, in proportion to the benefit received. *Pamph. Laws* 1855, *p.* 765, § 42.

The commissioners report what is headed by them "Assessment list for the regulation of Bergen-wood avenue," which list purports to contain, in different columns, the names of reputed owners, the lots, feet and price of planking and of guttering, cubic yards of excavation and of filling, and the aggregate amount of expenses; and report that they present the foregoing as the assessment for said improvement, the amount assessed against each owner or reputed owner, and his lands, the sums set opposite the names of said owners and their property, respectively, which report was confirmed by the common council.

This is a total failure of the commissioners to perform the duties required of them by the charter; they have merely taken the aggregate expense and divided it among the property-owners along the avenue in the proportion of their frontage. This is not at all performing the duty for which they were appointed—they were to examine the whole matter, and determine and report to the common council what real estate ought to be assessed for such improvement, and what proportion should be assessed to each separate lot, in proportion to the benefit received; the burthen was to be in proportion to the benefit, and it was to be upon all the property benefited.

It was the duty of the commissioners, in the first place, to ascertain all the lands benefited. They were, in the next place, to ascertain how much each lot was benefited by this expenditure, and to adjudicate the amount each

was to pay, in proportion to the benefit. These were of the essence of their duties. They required great care and discrimination to do them justly. It not only does not appear, from their report, that they did this, but it appears affirmatively that, instead thereof, they merely applied the Procrustean rule, of dividing the aggregate expense by the number of lots fronting on the avenue, and placing it equally on all. For this purpose there was no necessity of the gravity of a commission; the clerk of the council could have done it without leaving his office. It was only one sum in simple addition, and another in long division.

The case falls directly within those of *The State* v. *Jersey City*, 2 *Dutcher* 344, and *The State* v. *Jersey City*, 1 *Dutcher* 310.

The confirmation of the report, so far as regards the prosecutors, must be set aside.

CITED *in State* v. *Jersey City*, 4 *Dutch.* 505; *State* v. *Gardiner*, 5 *Vr.* 331; *State* v. *Mayor, &c., of Newark*, 7 *Vr.* 172 · *State* v. *Inhabitants of Trenton*, 7 *Vr.* 501.